## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **OLDCASTLE APG WEST, INC.** | ) | |
| **D/B/A JEWELL** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO:** **6:21-cv-00576** |
| | ) | |
| **UNION PACIFIC RAILROAD** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| *Defendant.* | ) | |

### UNION PACIFIC RAILROAD COMPANY'S NOTICE OF REMOVAL

Defendant Union Pacific Railroad Company ("Union Pacific") files this Notice of Removal based on diversity jurisdiction under 28 U.S.C. § 1332. As grounds for removal, Union Pacific states as follows:

### I.      PROCEDURAL BACKGROUND

1.      On May 26, 2021, Plaintiff Oldcastle APG West, Inc. d/b/a Jewell ("Jewell") filed its Original Petition, Application for Temporary Restraining Order and Temporary Injunction (the "Petition") in the 170th Judicial District Court – McLennan County, Texas, Case No. 2021-1567-4 (the "State Court Action"). The State Court Filings are attached as **Exhibit A-1** through **A-6**.[1]

2.      On May 27, 2021, the state district court granted Jewell's *ex parte* Application for Temporary Restraining Order (the "TRO"). **Exhibit A-2.** The TRO prohibits Union Pacific from preventing Jewell's use of the railroad's right of way to deliver raw materials to the Jewell facility located at 400 Jewell Drive, Waco, Texas, 76712. *Id.* It expires on June 8, 2021. *Id.*

---

[1] The docket sheet for the state court matter is attached as **Exhibit A-6**. Union Pacific has been unable to obtain a copy of the following items from the state court: (1) the efile information sheets; and (2) the citation issuance. Union Pacific will supplement with those items once received.

3.      Union Pacific was provided a copy of the Petition and the TRO on May 27, 2021.

4.      Jewell's Application for a Temporary Injunction is set for hearing in the 170th Judicial District Court of McLennan County, Texas at 9:00 a.m. on June 8, 2021. *Id.*

## II.      NATURE OF THE CASE

5.      Plaintiff's Petition seeks "to establish Jewell's entitlement to a prescriptive easement over Union Pacific's right of way...consistent with its continuous, uninterrupted, and uncontested use of the right of way…" **Exhibit A-1** at ¶ 22. According to Plaintiff's Petition, it has historically used Union Pacific's right of way to route trucks and to drain runoff water onto Union Pacific's right of way and track structure. **Exhibit A-1**.

6.      The railroad right of way at issue in this litigation is a vital piece of Union Pacific's freight network, part of the national rail network, and is used to transport freight for Union Pacific's customers. Plaintiff's use of Union Pacific's right of way interferes with rail operations and has damaged Union Pacific's track structure.

## III.      BASIS FOR REMOVAL: DIVERSITY JURISDICTION

7.      This action is removable based on diversity jurisdiction under 28 U.S.C. § 1332.

**A.      Jewell and Union Pacific are Citizens of Different States.**

8.      Jewell is a corporation organized under the laws of the State of Colorado with its principal place of business in Waco, Texas.

9.      Union Pacific is a corporation organized under the laws of the State of Delaware with its principal place of business in Omaha, Nebraska.

10.      For purposes of this Notice of Removal, there is complete diversity of citizenship between Jewell and Union Pacific.

**B.       The Amount in Controversy Exceeds $75,000.**

11.      In an action seeking declaratory or injunctive relief, the "value of the object of the litigation" is the proper measure for determining the jurisdictional threshold for diversity jurisdiction. *See Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). "To put it another way, the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Id.* (citation omitted).

12.      As outlined in the Petition, Plaintiff has been using Union Pacific's right of way to route trucks. **Exhibit A-1** at ¶ 11. It has also been using the right of way to drain runoff water and other substances on to and through Union Pacific's property. **Exhibit A-1** at Exhibit 6; *see also* **Exhibit A-1** at p. 3 fn. 1 and ¶¶ 15 and 18.

13.      The "object of the litigation" here is a prescriptive easement over Union Pacific's right of way that would permit Plaintiff to continue to utilize Union Pacific's right of way to route trucks and drain water. In other words, Plaintiff seeks to protect its claimed right to continue to use Union Pacific's property and avoid expenses associated with rerouting trucks, redesigning traffic patterns, altering property improvements, redesigning drainage, closing its facility (temporarily or permanently), and compensating Union Pacific for the damage Plaintiff has caused to its track structure.

14.      The amount in controversy is to be viewed from the plaintiff's perspective. *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 640, n. 4 (5th Cir. 2003). In other words, what would Plaintiff gain if it succeeded on its prescriptive easement claim?

15.      If Plaintiff were to obtain the desired prescriptive easement, it would not have to engage environmental and safety engineers to evaluate its traffic pattern and water drainage issues and propose solutions, and then, implement the recommended solutions. **Exhibit A-1** at ¶¶ 18 and

3

29. In rerouting traffic, improvements that are built up to the property line may have to be torn down, relocated, or modified.[2] Additionally, Plaintiff alleges that its facility routes up to 125 to 150 semi-tractor size trucks per day. **Exhibit A-1** at ¶ 8. Redesigning traffic flow for that number of large trucks and drainage redesign and implementation for property the size and operations of the Plaintiff's property would exceed $75,000.

16.     Plaintiff could also avoid closing its facility (partially or completely) while it implemented the redesign. **Exhibit A-1** at ¶ 29. Closing the facility in any fashion would impact Plaintiff's ability to operate and, accordingly, its revenue. The 125 to 150 trucks routed through Plaintiff's property per day include trucks delivering raw materials needed to process and create concrete products and trucks transporting finished product to purchasers. **Exhibit A-1** at ¶¶ 8, 11, and 12. Per the TRO, "removing Jewell's use of the right of way will significantly impact the ability to make the deliveries of raw materials necessary for Jewell to produce its product." **Exhibit A-2**. If raw materials cannot be delivered, concrete cannot be produced, and product cannot be delivered to customers. The impact of closing the facility, partially or completely, on a temporary basis would exceed $75,000.

17.     Plaintiff also alleged it could be forced to permanently close its facility if it were not granted certain relief. **Exhibit A-1** at ¶ 29. The impact of closing the facility permanently would exceed $75,000.

18.     As explained in the demand letter sent by Union Pacific, Union Pacific will incur approximately $87,000 in damages due to Plaintiff's operations that causes runoff water and other substances to drain onto Union Pacific's tracks, causing sediment to build up and deterioration of

---

[2] As explained in the Petition, Union Pacific's right of way is 75 feet wide—37.5 feet on both sides of the center line. The photograph attached as **Exhibit B** shows that Plaintiff's property improvements are built directly up to the property line.

Union Pacific's track structure. **Exhibit A-1** at Exhibit 6. By seeking a prescriptive easement to allow Jewell to continue using the right of way, including for drainage purposes, Jewell is seeking to avoid compensating Union Pacific for the damages caused to Union Pacific's property. This alone exceeds the jurisdictional limit.

19.     Accordingly, Removal is proper because there is complete diversity of citizenship and the value of the right to be protected—*i.e.* the right to continue to utilize Union Pacific's right of way through a prescriptive easement—exceeds $75,000.

## IV.    ADDITIONAL REQUIREMENTS

20.     Venue for this removal is proper in the United States District Court for the Western District of Texas, Waco Division, because this district and division includes McLennan County, Texas, which is the location of the pending State Court Action.

21.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the court below are attached as Exhibit A and incorporated herein by reference.

22.     Under 28 U.S.C. § 1446(b), this removal is timely. This Notice of Removal is filed within 30 days of May 27, 2021, the date Union Pacific was provided a copy of the Petition.

23.     In accordance with 28 U.S.C. § 1446(d), Union Pacific will promptly file a copy of this Notice of Removal with the Clerk of the District Court of McLennan County, Texas – 170th Judicial District Court in Case No. 2021-1567-4.

Having satisfied the requirements for removal under 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Union Pacific hereby gives notice that Case No. 2021-1567-4, in the 170th Judicial District Court of McLennan County, Texas, has been removed to this Court.

Respectfully submitted,

By: _/s/Afton Dee Sands_____
Afton Dee Sands
State Bar No. 24060555
asands@brownproctor.com
BROWN, PROCTOR & HOWELL, LLP
5805 64th Street, Ste. 6
Lubbock, Texas 79401
(432) 413-5223
(817) 870-2427 fax

**COUNSEL FOR UNION PACIFIC RAILROAD COMPANY**

## <u>CERTIFICATE AND NOTICE OF FILING</u>

I certify that on June 7, 2021, this Notice of Removal was sent to and filed with the Clerk of the 150th District Court of McLennan County, Texas, in Case No. 2021-1567-4.

_/s/ Afton Dee Sands_____
Afton Dee Sands

6

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on June 7, 2021, a copy of the foregoing was served via the Court's e-filing system and e-mail transmission, in accordance with the Federal Rules of Civil Procedure, on the following attorney of record for the Plaintiff Oldcastle APG West, Inc. d/b/a Jewell.

Frederick deB. Bostwick, III
Dan N. MacLemore
Lauren Jaynes Olivarez
BEARD KULTGEN BROPHY BOSTWICK & DICKSON, PLLC
220 South Fourth Street
Waco, Texas 76701
Phone: 254-776-5500
Fax:  254-776-3591
bostwick@thetexasfirm.com
maclemore@thetexasfirm.com
olivarez@thetexasfirm.com

                         */s/ Afton Dee Sands*
                         Afton Dee Sands